## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **ELIJAH GRANT,** | ) | |
|     **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:02-0475** |
| | ) | |
| **DR. JOYCE K. CONLEY, Warden,** | ) | |
| **FCI Beckley; KATHLEEN HAWK,** | ) | |
| **Director of the Federal Bureau of Prisons,** | ) | |
| **and JOHN ASHCROFT,** | ) | |
|     **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On May 22, 2002, Petitioner, an inmate then in confinement at FCI Beckley, Beaver, West

Virginia,[1] and acting *pro se,* filed his Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus

By a Person in State or Federal Custody and Memorandum in support.[2] (Document No. 1.) Petitioner

raises the following grounds for *habeas* relief:

1.  The Federal Bureau of Prisons lacked lawful jurisdiction to add 855 days to
    Petitioner's D.C. Code sentence which had been previously credited to his
    sentence by the United States Parole Commission as time served on parole and
    the Federal Bureau of Prisons' rescission of the 855 days sentence credit already
    credited to petitioner's D.C. Code sentence, by the U.S. Parole Commission
    pursuant to D.C. Code § 24-431(a) and by the U.S. Parole Commission's
    authority exercised pursuant to 18 U.S.C. § 4215 on May 28, 1996 (and during
    a previous commitment) resulting in the lengthening of petitioner's mandatory
    release and discharge (under 18 U.S.C. § 4163) on a new and different parole-
    revocation, violates the Ex Post Facto Clause of the Constitution of the United

---

[1] The Court notes that Petitioner was released on parole from the custody of the Federal
Bureau of Prisons [BOP] on December 10, 2002. (Document No. 19, p. 4 and Exhibit T,
Certificate of Parole.) The United States Parole Commission [USPC] has since ordered
Petitioner's termination from parole supervision because his sentence has expired. (*Id.*)

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a
less stringent standard than if they were prepared by a lawyer and therefore, they are construed
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

States, at Article I, Section 9, Clause 3, and deprives petitioner of his right, under due process of law, to be "released at the expiration of his sentence" as required pursuant to 18 U.S.C. § 4163.

2. Where 18 U.S.C. § 4161 requires that the "rate" of good time credits deducted from the sentence shall be determined based on the length of sentence(s) imposed and where 28 C.F.R. § 523.3 provides that "[t]he rate of statutory good time for the violator term is computed at the rate of the total sentence from which release", the Federal Bureau of Prisons violate Petitioner's right to due process of law by changing the "rate" of his statutory good time credits from "10 days per month" to "8 days per month" when his original sentences constitute an aggregate term of 33 years imprisonment.

3. The Federal Bureau of Prisons has violated petitioner's rights to due process of law by causing the petitioner to service his U.S. Code and consecutive D.C. Code sentence as one single aggregated term of 33 years imprisonment and by making petitioner serve his consecutive sentences in "piecemeal fashion", resulting in petitioner serving a longer term of imprisonment than required by law, in light of Sprouse v. Settle, 274 F.2d 681, 684 (8th Cir. 1960) ("Legally, a sentence made consecutive to another is not able to be commenced to be served until the other has been executed or satisfied.") and in light of Dunne v. Keohane, 14 F.3d 335, 336-37 (7th Cir. 1994)("The government is not permitted to delay the expiration of the sentence either by postponing the commencement of the sentence or by releasing the prisoner for a time and then reimprisoning him.").

(Id., pp. 19-20.) By Standing Orders filed on May 24, 2002, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document Nos. 2 and 3.)

## PROCEDURE AND FACTS

On October 9, 1975, Petitioner was sentenced in the United States District Court for the Eastern District of Virginia to a twenty year term of imprisonment for the offense of bank robbery. (Document No. 1, p. 1.) Petitioner was released on parole on July 7, 1981, and was to remain under supervision until June 6, 1995. (Document No. 12, p. 1 and Exhibit B, Certificate of Parole.) In 1984, while on parole from his federal sentence, Petitioner committed new criminal conduct in the District of Columbia [D.C.]. (Id. and Document No. 1, p. 11.) On November 16, 1984, therefore, the

2

United States Parole Commission [USPC] issued a parole violator warrant for his arrest, and Petitioner was arrested by the U.S. Marshal Service on July 12, 1985. (Document No. 12, p. 1 and Exhibits C and D.) On September 19, 1985, Petitioner was convicted in the D.C. Superior Court of distribution of a controlled substance and possession of a controlled substance with intent to distribute, in violation of D.C. Code. (Document Nos. 1, p. 11 and 12, Exhibit A.) By Notice of Action dated June 2, 1985, the USPC revoked Petitioner's parole and ordered that none of the time spent on parole shall be credited toward the completion of his sentence. (Document No. 12, p. 2 and Exhibit E.) The USPC further granted parole *nunc pro tunc* for July 12, 1985, on the remainder of his federal sentence, and established a presumptive parole date of November 13, 1989. (Id.)

Petitioner was again released on parole on February 10, 1991, and was to remain under supervision until July 11, 1998. (Document No. 12, p. 2 and Exhibit F, Certificate of Parole.) On July 17, 1995, however, the USPC issued another parole violator warrant which was executed on July 21, 1995. (Id., Exhibits G and H.) By Notice of Action dated October 23, 1995, the USPC revoked Petitioner's parole and credited his federal sentence for all the time spent on parole (822 days). (Document Nos. 1, Exhibit A and 12, Exhibit I.) The USPC did not credit Petitioner's sentence for any of the time spent on parole on the D.C. Code portion of his sentence (768 days). (Id.) Petitioner's re-parole effective date was established as June 20, 1996, after the service of twelve months. (Id.) Petitioner appealed the USPC's decision, and by Notice of Action on Appeal dated May 28, 1996, the National Appeals Board affirmed the USPC's decision revoking Petitioner's parole. (Id., Exhibits B and J.)  The National Appeals Board however, determined that at the time of his latest offensive behavior, Petitioner was serving separate terms of parole, the first on the U.S. Code sentence [federal sentence] from July 12, 1985, to July 20, 1995, and the second on the D.C.

Code sentence from February 8, 1991, to July 20, 1995. (Id.) The Appeals Board concluded that all the time Petitioner spent on parole on his D.C. Code sentence should have been forfeited, but did not order the same because of the "Board's policy of not making a more adverse determination as a result of an appeal." (Id.)

Petitioner was again released on parole on June 20, 1996, on the aggregate of his two sentences, and was to remain under supervision until December 20, 2002. (Document No. 12, p. 3 and Exhibit K.) On September 17, 1997, the USPC issued a parole violator warrant for Petitioner's arrest, which was executed on November 19, 1997. (Id., Exhibit L.) By Notice of Action dated March 3, 1998, the USPC revoked Petitioner's parole and ordered that he receive no credit for time spent on parole on the aggregate of the two sentences. (Id.) This resulted in a forfeiture of 507 days spent on parole on the D.C. Code Sentence and 106 days on the federal sentence. (Id.) A review hearing was scheduled for July, 1998. (Id.)

On March 16, 1999, Petitioner was again released on parole, and was to remain under supervision until January 15, 2002. (Document No. 12, p. 3 and Exhibit N.) The USPC issued a further parole violator warrant on April 28, 2000, and Petitioner was arrested on May 2, 2000. (Id., Exhibit O.) By Notice of Action dated December 27, 2000, the USPC revoked Petitioner's parole and credited only the time spent on parole on the federal sentence. (Document Nos. 1, Exhibit C and 12, Exhibit P.) The time spent on parole on the D.C. Code sentence, March 16, 1999, to May 1, 2000, was forfeited. (Id.) The USPC continued Petitioner to the expiration of his aggregate sentence. (Id.)

The BOP recalculated Petitioner's sentence on March 13, 2002, which resulted in a later Mandatory Release date of October 5, 2003. (Document No. 12, p. 4 and Exhibit Q.) The

recalculation of Petitioner's sentence resulted in a sentence beyond the reparole guidelines and therefore, by Notice of Action dated March 29, 2002, the USPC reopened his case and scheduled a Special Reconsideration Hearing. (Document Nos. 1, Exhibit E and 12, p. 4 and Exhibit R.) By Notice of Action dated June 21, 2002, the USPC paroled Petitioner effective December 10, 2002, and he was to remain under supervision until July 5, 2005. (Document No. 12, p. 4 and Exhibits S and T.)

Petitioner filed his instant § 2241 Application on May 22, 2002. (Document No. 1.) Petitioner states that on May 28, 1996, he was awarded 855 days of credit toward the service of his D.C. Code sentence. (Id., p. 20.) On March 13, 2002, "[s]ix years later and two recommitments following the 855 days being credited to the petitioner's D.C. Code sentence," he alleges that the Respondents recalculated his sentence resulting in an 855 day increase in his mandatory release date. (Id., pp. 16-17, 21.) Petitioner alleges that the USPC has not issued a subsequent Order disallowing the 855 days of credit and as a matter of law, pursuant to 18 U.S.C. § 4215 and D.C. Code § 431(a), the BOP lacked jurisdiction to rescind the award of credit. (Id., p. 22.) Petitioner also alleges that the Respondents retroactively applied the decision in United States Parole Comm'n v. Noble, 693 A.2d 1084 (D.C. 1997), adhered to on reh'g, 711 A.2d 85 (D.C. 1998)(en banc), "to rescind petitioner's previously awarded credit 'for time spent on parole.'", in violation of the *Ex Post Facto* Clause. (Id., p. 28.) Petitioner further alleges that the Respondents improperly aggregated his federal and D.C. Code sentences and decreased the rate of his statutory good conduct time from ten to eight days per month. (Id., pp. 32-43.)

By Order entered on March 18, 2005, the undersigned directed the Respondents to show cause, if any, why Petitioner's Petition for Writ of Habeas Corpus should not be granted. (Document

5

No. 7.) On April 29, 2005, the Respondents, by counsel, Michael L. Keller, Assistant United States Attorney for the Southern District of West Virginia, filed their Response to the Court's Order. (Document No. 12.) Respondents state that on April 28, 2005, and pursuant to 28 C.F.R. §§ 2.28(a) and 2.65(i), the USPC reopened Petitioner's case and granted him partial credit of 307 days for the time spent on parole for the period from June 20, 1996, to November 18, 1997. (Id., p. 4 and Exhibit U.) The USPC's award of this credit resulted in the expiration of Petitioner's sentence. (Id.) In addressing the merits of Petitioner's claims, Respondent first contend that under D.C. Code § 24-406(a) (formerly § 24-206(a)), forfeiture of street time is automatic upon the revocation of parole. (Id., pp. 4-5.) Respondents state that although the Good Time Credits Act of 1986 [GTCA], which provided that credit shall be given "on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed," caused some confusion among D.C. officials and the Department of Justice, the D.C. Court of Appeals held in 1997 that the street time forfeiture was automatic. (Id., p. 5.)

Second, citing Davis v. Moore, 772 A.2d 204, 216 (D.C. 2001)(en banc), the Respondents contend that "because the Noble decision is a judicial decision that resolved a well-publicized legal conflict and not a statute, it does not implicate the Ex Post Facto Clause." (Id.) Respondents further contend that based upon the decisions in Noble and Davis, "if petitioner were to remain on supervision, the Commission would amend its previous order, which failed to forfeit 855 days during the parole period from February 1991 to July 1995, and forfeit all of the time spent on parole." (Id., p. 6.)

Finally, the Respondents contend that because the USPC has taken corrective action and awarded Petitioner credit which resulted in the expiration of his sentence, his claims are moot and

his Application must be dismissed. (<u>Id</u>., pp. 6-7.)

On May 31, 2005, Petitioner filed a Motion in which he requests the following relief:

I, Elijah Grant, the petitioner in this civil action case, would like to know the response of the Assistant U.S. Attorney, in answering the enlargement of my time of the order of the court towards my issues in my Writ of Habeas Corpus.

(Document No. 13.) Petitioner has not otherwise filed a reply to the Respondent's Response.

## <u>ANALYSIS</u>

The undersigned finds that Petitioner's § 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal courts may adjudicate only live cases or controversies. <u>See</u> <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." <u>Id</u>. Petitioner contends that because his "mandatory release and discharge date of March 28, 2002, has already expired . . . [he] is entitled to his immediate release from his present detention." (Document No. 1, p. 10.) Respondent cannot however, afford Petitioner his requested relief because his sentence expired on September 2, 2004, and the USPC therefore, no longer has jurisdiction over him. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Plaintiff's sentence expiration, the Respondent can no longer alter his sentence. Consequently, the Court can no longer consider Plaintiff's challenge to the BOP's calculation of his good conduct time.

An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or

7

> the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction - - must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). In his Application, Petitioner challenged the calculation of his sentence and award of good conduct time; he did not challenge his underlying conviction and sentence. Accordingly, Petitioner's claims are rendered moot by virtue of the expiration of his sentence in its entirety and the absence of collateral consequences, and therefore, his § 2241 Application must be dismissed. See e.g., Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994); Kearns v. Turner, 837 F.2d 336, 337 (8th Cir. 1988)(Habeas petitioner's suit to enjoin transfer for sentencing upon charges rendered moot where petitioner had already been transferred and sentenced.).

## PROPOSAL AND RECOMMENDATION

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS**, that the District Court **DISMISS as moot** Petitioner's § 2241 Application (Document No. 1.), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections

identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner.

ENTER: August 16, 2005.

R. Clarke VanDervort
United States Magistrate Judge